■ In the Matter of the Claim of ESTHER HEITNER, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board disqualifying her from benefits, effective September 17, 1971, on the ground that without good cause she refused employment for which she was fitted by training and experience (Labor Law, § 593, subd. 2). Claimant, a clerk, was laid off by her employer. Thereafter, the employer purportedly desired to reemploy the claimant and allegedly (claimant denies any knowledge thereof) attempted to contact her on September 9 and 10, 1971 to ask her to return on September 13, 1971. In any event, the employer informed the employment office that it desired to rehire claimant whereupon the employment office on September 16 dispatched a notice to claimant telling her to report to the employer on September 17. When claimant received the notice on September 17, she did not report but instead telephoned the employer. What transpired during this telephone conversation is also disputed; the employer asserting that claimant was not desirous of having the job, and claimant that the employer was not really desirous of hiring her. The problem is that the board did not premise its disqualification on claimant's rejection of employment but on the ground that her call by telephone did not satisfy

her instruction to report to the employer since the notice instructed her to report *in person*. The claimant points out, correctly we believe, that it was not reasonable for her to be disqualified for not reporting in person on the 17th when the notice was mailed on the 16th and not received until the 17th and that, under these circumstances, her telephone call was reasonable. The Attorney-General does not directly dispute this contention but urges that claimant refused the proffered employment. This issue was in dispute however, and the dispute was clearly not resolved by the board and it could, therefore, not be said under the findings to have been the basis of the board's decision. Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs. Herlihy, P. J., Staley, Jr., Greenblott, Kane and Reynolds, JJ., concur.